UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DARREN DURDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 CV 8363 |
| ) | |
| VILLAGE OF OAK PARK, ) | Judge James B. Zagel |
| a municipal corporation, ) | |
| OFFICER R. FREELAIN, Star 359/0806 ) | |
| an Oak Park Police Officer, ) | |
| JOHN DOE POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTIONS IN LIMINE

NOW COME Defendant OFFICER R. FREELAIN, by and through his attorneys, DeANO & SCARRY, LLC, and pursuant to the parties' Joint Final Pre-Trial Order, submit the following Motions in Limine seeking an order precluding the introduction of the following evidence:

### DEFENDANTS' MOTION IN LIMINE #1: BAR *MONELL* EVIDENCE

Any and all testimony and argument concerning *Monell*-type evidence, such as complaints and lawsuits against and discipline of Defendant Freelain should be barred given that Plaintiff has not asserted a *Monell* claim against the Village of Oak Park and the Village of Oak Park has been dismissed from this litigation. Therefore any evidence of the defendant officers' discipline, and/or citizen complaints and lawsuits is irrelevant, prejudicial, and inadmissible. Moreover, any probative value of such evidence is substantially outweighed by the prejudice to Defendants and the possibility that such issues would confuse or mislead the jury.

### DEFENDANT'S MOTION IN LIMINE #2: BAR EVIDENCE SHOWING A

## VIOLATION OF POLICE DEPARTMENT POLICIES, RULES, REGULATIONS, OR PROCEDURES

Any and all testimony or evidence that any Defendant Freelain violated any policy, rule, regulation, or procedure of the Oak Park Police Department, or any other entity, should be inadmissible as it is irrelevant to any claim brought by Plaintiff. Moreover, evidence showing a violation of an internal operating procedure or guideline is insufficient to prove a constitutional claim.

## DEFENDANT'S MOTION IN LIMINE #3: BAR EVIDENCE OF INSURANCE & INDEMNIFICATION BY THE VILLAGE OF OAK PARK

Any reference or evidence that the Village of Oak Park, the Oak Park Police Department, or Defendant Freelain has insurance is improper and should be barred as irrelevant and more prejudicial and probative. Additionally, evidence that Defendant Freelain may be indemnified by the Village of Oak Park for any judgment or damages returned against them should also be barred by the Court. Evidence of indemnification of Defendant Freelain is not probative on any issue in the case-in-chief, and may only be admitted with a limiting instruction if defendants' finances become relevant to the calculation of punitive damages. Alternatively, if the Court does allow evidence or argument from Plaintiff that the individual Defendant Officers are indemnified for compensatory damages, the jury should be instructed that the Defendant Officers are not indemnified for punitive damages.

## DEFENDANT'S MOTION IN LIMINE #4: OTHER PUBLICIZED CASES OF POLICE MISCONDUCT

All parties, witnesses and attorneys should be barred from testifying, making a reference and/or argument to any other instances of police misconduct that have been publicized in the media. Said testimony, reference or argument should include, but not be

limited to, instances of excessive force, treatment of African American males by police, failures to prosecute and/or convict police officers and any other alleged police misconduct. Said testimony, reference or argument is irrelevant to the current matter and would serve merely to inflame the jury and therefore should be barred.

**DEFENDANT'S MOTION IN LIMINE #5: MEDICAL OPINIONS AS TO PLAINTIFF'S INJURY, TREATMENT, AND PROGNOSIS, AND HEARSAY TESTIMONY AS TO WHAT PLAINTIFF WAS TOLD IN THAT REGARD**

During the course of trial, one or more witnesses, including Plaintiff, may attempt to offer testimony relating to Plaintiff's medical conditions, causation, diagnosis, or prognoses. Since lay witnesses, including Plaintiff, are not qualified to provide any medical opinions concerning Plaintiff's medical conditions, causation, diagnosis, or prognoses, such testimony should be barred. Moreover, Plaintiff's testimony as to what he may have been told by physicians and other medical providers is inadmissible hearsay and should also be excluded.

**DEFENDANT'S MOTION IN LIMINE #6: EVIDENCE OF THE PERMANENCY OF ANY INJURY PLAINTIFF CLAIMS ARISING FROM THE ACTS OF DEFENDANT OFFICERS**

Any evidence regarding the permanency of any injury Plaintiff claims arising from the acts or omissions of the Defendant Freelain should be barred. Plaintiff is not a physician, therapist, psychologist, psychiatrist, or mental health professional of any type, nor does he have experience or training in that regard. Furthermore, Plaintiff has not disclosed any witness who is qualified to testify as to the permanency of any injury allegedly sustained by Plaintiff in this case.

**DEFENDANT'S MOTION IN LIMINE #7: BAR PLAINTIFF FROM INTRODUCING ANY TESTIMONY OR EVIDENCE OR ARGUING TO THE**

### JURY THAT POLICE OFFICERS COVER-UP FOR OTHER POLICE OFFICERS OR THAT A CODE OF SILENCE EXISTS

Any evidence, inference or argument regarding the existence of a "code of silence" or cover-up among police officers should be excluded as the evidence is more prejudicial than probative and is inadmissible character evidence.

### DEFENDANTS' MOTION IN LIMINE #8: BAR PLAINTIFF FROM ANY ARGUMENT TO SEND DEFENDANTS A MESSAGE WITH THEIR VERDICT

Any evidence, inference and/or argument that the jury should "send a message" to the Village of Oak Park, the Oak Park Police Department and/or Defendant Freelain with their verdict should be excluded. Said evidence, inference or argument is inflammatory and more prejudicial than probative. Consequently, Plaintiff should be excluded from any argument that jurors should "send a message" to the City and individual Defendants with their verdict.

### DEFENDANT'S MOTION IN LIMINE #9: EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR INTERACTIONS WITH THE OAK PARK POLICE DEPARTMENT

In his deposition, Plaintiff alluded to another negative interaction with members of the Oak Park Police Department prior to the incident in question. Evidence, testimony or argument mentioning any prior interactions between Plaintiff and members of the Oak Park Police Department are not relevant to the current matter, would only serve to confuse the issues to the jury and are more prejudicial than probative. Furthermore, there is no evidence that Defendant Freelain was involved in the prior incident.

### DEFENDANT'S MOTION IN LIMINE #10: BAR EVIDENT OF DEFENDANT FREELAIN'S UNRELATED LAWSUIT AGAINST THE VILLAGE OF OAK PARK

Currently, Defendant Freelain is the plaintiff in an ongoing lawsuit alleged against

4

the Village of Oak Park and other Oak Park employees. The lawsuit involves matters unrelated to Plaintiff's arrest on November 21, 2013 or the subsequent prosecution. Therefore, any evidence, testimony or argument related to the ongoing lawsuit between Defendant Freelain and the Village of Oak Park is irrelevant to the current action, serves only to confuse the jury and is more prejudicial than probative. Additionally, said evidence, inference or argument should be barred as inadmissible character evidence.

### DEFENDANT'S MOTION IN LIMINE #11: BAR EVIDENCE OF ACTIONS ALLEGEDLY DONE BY OTHER POLICE OFFICERS

In his deposition, Plaintiff testified that he was abused and/or mistreated by officers, other than Defendant Freelain, after he was placed in handcuffs. Plaintiff could not identify any of these officers and specifically stated that he did not see or interact with Defendant Freelain after he was handcuffed. As Defendant Freelain is the only defendant in this action, evidence involving the actions of other officers is irrelevant to this action, serves to confuse the issues and is more prejudicial than probative. Consequently, said evidence should be barred.

WHEREFORE, in light of the foregoing, Defendant OFFICER R. FREELAIN prays that this Court enter an order *in limine* precluding the introduction of the evidence set forth in these motions, and further direct Plaintiff's counsel to refrain from making any statement or eliciting any testimony that would introduce such evidence at trial.

Respectfully Submitted,

**DeANO & SCARRY, LLC**


By: /s/ Monifa K. Gray
     Attorney for Defendant

James L. DeAno
Monifa K. Gray
**DeAno and Scarry, LLC**
53 West Jackson Blvd., Suite 740
Chicago, IL  60604
Tel:  (630) 690-2800
Fax:  (312) 564-4125